**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN O'BRIEN,

Plaintiff-Appellant,

v.

R.C. WILLEY HOME FURNISHINGS,

Defendant-Appellee.

No.    16-16677

D.C. No.
2:15-cv-00329-RCJ-CWH

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before:  WALLACE and CALLAHAN, Circuit Judges, and SELNA,** District
Judge.

Plaintiff-Appellant Steven O'Brien ("O'Brien") appeals from the judgment

of the district court in which: (1) the district court denied O'Brien's motion for

partial summary judgement on his Nev. Rev. Stat. § 613.333 claim; and (2) the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

district court granted summary judgment in favor of Defendant-Appellee R.C. Willey Home Furnishings ("R.C. Willey") on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. We reverse the district court's grant of summary judgment in favor of R.C. Willey on the Nev. Rev. Stat. § 613.333 claim. Under Nevada law, it is unlawful for an employer to:

> Discharge or otherwise discriminate against any employee concerning the employee's compensation, terms, conditions or privileges of employment,
>
> because the employee engages in the lawful use in this state of any product outside the premises of the employer during the employee's nonworking hours, if that use does not adversely affect the employee's ability to perform his or her job or the safety of other employees.

Nev. Rev. Stat. § 613.333(1)(b).

Here, neither party disputes that R.C. Willey discharged O'Brien because he engaged in the lawful use of alcohol outside R.C. Willey's premises during his nonworking hours. However, genuine disputes remain regarding whether O'Brien's use of alcohol adversely affected his ability to perform his job or the safety of other employees. Specifically, there is a genuine dispute of material fact regarding whether O'Brien was actually available to drive on September 25, 2013, given that he had been placed on light duty, was required to work at a pay rate substantially below what he was paid as a commercial driver, was prescribed narcotic and opioid pain medications, and was medically restricted from sitting for

longer than he could tolerate.  Moreover, if O'Brien was performing only a light duty position and was not available to drive, there is a genuine dispute as to whether his alcohol use adversely affected the safety of other employees because a reasonable jury could conclude that managing paperwork and handling delivery calls, even while intoxicated, did not pose a safety risk to other employees.

We also affirm the district court's denial of O'Brien's motion for partial summary judgment on the Nev. Rev. Stat. § 613.333 claim.[1]

Accordingly, the action is remanded to the district court for further proceedings consistent with this decision.

2.	We affirm the district court's summary judgment in favor of R.C. Willey on O'Brien's Americans With Disabilities Act ("ADA") claim.  The ADA makes it unlawful to discharge a person with a qualifying disability on account of that disability.  42 U.S.C. § 12112(a).  The McDonnell Douglas burden-shifting analysis applies to disability discrimination claims under the ADA.  See Snead v.

---

[1] The district court's determination that a Nevada Department of Administration Appeals Officer's findings were entitled to preclusive effect was erroneous because issue preclusion is inapplicable when the burden of persuasion shifts between the parties in two proceedings.  See Dias v. Elique, 436 F.3d 1125, 1129 (9th Cir. 2006); Restatement (Second) of Judgments § 28, Westlaw (database updated June 2018); 18 Charles Alan Wright, et al., Federal Practice & Procedure § 4422 (3d ed.), Westlaw (database updated Apr. 2017).  Nevertheless, this error is not grounds for reversal because the court narrowly construed the findings such that they did not entitle O'Brien to partial summary judgment on the § 613.333 claim.

16-16677

Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2001).

Under McDonnell Douglas, a plaintiff must first establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once a plaintiff establishes a prima facie case, the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the discharge. See id. If the employer does so, the burden shifts back to the employee to show that the employer's proffered reason was a pretext for discrimination. See id. at 804; Snead, 247 F.3d at 1093.

To establish a prima facie case of discrimination under the ADA, O'Brien must show that he "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." Snead, 237 F.3d at 1087. The parties do not dispute that O'Brien is a disabled person within the meaning of the ADA or that he is qualified to perform his job. Furthermore, causation may be inferred from timing alone where an employee is terminated shortly after his employer discovers that he is disabled. See Davis v. Team Elec. Co., 520 F.3d 1080, 1094 (9th Cir. 2008). Because O'Brien was terminated shortly after the date that he was injured, the temporal proximity between his injury and his termination supports an inference of causation. Therefore, we conclude that O'Brien established a prima facie case of discrimination.

However, R.C. Willey articulated a legitimate, nondiscriminatory reason for

O'Brien's termination by presenting evidence that O'Brien was terminated because of the results of the breathalyzer tests he took on September 25, 2013, and his violation of R.C. Willey's alcohol policy. Because O'Brien failed to present sufficient evidence of pretext to rebut this legitimate justification, his ADA claim fails at the third stage of the McDonnell Douglas analysis. Even though the district court found that O'Brien's claim failed at the prima facie case stage of the McDonnell Douglas analysis, we nevertheless affirm on this alternative ground.

3. We affirm the district court's summary judgment in favor of R.C. Willey on O'Brien's retaliatory discharge claim. Nevada recognizes a "narrow" exception to the at-will employment doctrine, which provides that "retaliatory discharge by an employer stemming from the filing of a workmen's compensation claim by an injured employee is actionable in tort." Hansen v. Harrah's, 675 P.2d 394, 397 (Nev. 1984). Under this exception, "a plaintiff must demonstrate that his protected conduct was the proximate cause of his discharge." Allum v. Valley Bank of Nev., 970 P.2d 1062, 1066 (Nev. 1998) (emphasis omitted). A retaliatory discharge claim cannot be based upon a mixed motives theory. Id.

Here, O'Brien has not demonstrated that his filing of a workers' compensation claim was the proximate cause of his discharge. Instead, the evidence indicates that there is no genuine dispute that R.C. Willey terminated O'Brien, at least in part, for violating the company's alcohol policy. Because

O'Brien cannot maintain a retaliatory discharge claim where the filing of a workers' compensation claim was at most *a* motivating factor, see id., R.C. Willey was entitled to summary judgment. Accordingly, we affirm the district court's summary judgment in favor of R.C. Willey on the retaliatory discharge claim.

4. Finally, the dissent agrees that there is a genuine dispute regarding O'Brien's availability to drive and on that basis concludes that the result for the ADA and retaliatory discharge claims should be different. Dissent 1–4. However, even if R.C. Willey was mistaken about O'Brien's availability to drive and O'Brien was tested as a result of this mistake, this error does not vitiate the legitimacy of the grounds for his termination. Demonstrating that an employer's legitimate, non-discriminatory reason for termination was based on a mistake does not show pretext. See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 746 (9th Cir. 2011); U.S. E.E.O.C. v. Republic Servs., Inc., 640 F. Supp. 2d 1267, 1313–14 (D. Nev. 2009); McKinney v. Am. Airlines, Inc., 641 F. Supp. 2d 962, 973 (C.D. Cal. 2009).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Each party shall bear their own costs.

***O'Brien v. R.C. Willey Home Furnishings***, No. 16-16677

Callahan, J., dissenting in part:

I agree with the majority that issue preclusion does not apply to Plaintiff-Appellant Steven O'Brien's claim brought under Nev. Rev. Stat. § 613.333, and that the district court properly denied O'Brien's motion for partial summary judgment on the § 613.333 claim. I respectfully dissent, however, from the remainder of the majority's decision affirming in part and reversing in part the district court's grant of summary judgment to Defendant-Appellee R.C. Willey Home Furnishings.

First, whether R.C. Willey violated O'Brien's civil rights for purposes of his Americans with Disabilities Act ("ADA") and retaliatory discharge claims requires determining, as an initial matter, whether O'Brien was available to drive on September 25, 2013. The majority acknowledges this is a disputed issue of material fact given O'Brien's "light duty" status and prescribed narcotic and opioid medications. It also finds that a tight temporal nexus between O'Brien's injury and the date of his termination "supports an inference of causation." Yet the majority incongruously concludes that R.C. Willey articulated a legitimate, nondiscriminatory, non-pretextual reason for terminating O'Brien: his violation of R.C. Willey's policy against having a blood alcohol level above .04% while on duty.

1

Second, the majority reverses on an issue where it should affirm. The majority holds that O'Brien states an actionable claim under Nev. Rev. Stat. § 613.333 because it finds O'Brien was terminated for his off-duty drinking. Not so. As the majority accurately states in the context of O'Brien's ADA and retaliatory discharge claims, O'Brien was terminated when he violated R.C. Willey's policy *while at work.*

## I. The Americans With Disabilities Act and Retaliatory Discharge Claims

A prima facie case of discrimination under the ADA requires a plaintiff to show that he "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). I agree with my colleagues that O'Brien establishes a prima facie case of discrimination for the reasons stated by the majority. Where I part ways is on whether R.C. Willey rebuts that showing. The answer to that question hinges on the resolution of a disputed issue of material fact—O'Brien's availability to drive in his post-injury, "light duty" position.

O'Brien's availability to drive bears directly on whether R.C. Willey's averred justification for his termination was pretextual. If O'Brien could not have been dispatched to operate a commercial vehicle, then R.C. Willey's administration of the breathalyzer test was likely inconsistent with federal law. Federal regulations provide that "[a] driver shall *only* be tested for alcohol while the driver

2

is performing safety-sensitive functions, just before the driver is to perform safety-sensitive functions, or just after the driver has ceased performing such functions."[1] 49 C.F.R. § 382.305(m) (emphasis added).

O'Brien argues he was unavailable to drive a commercial truck—and thus ineligible to "perform[] safety-sensitive functions"—after R.C. Willey placed him on "light duty" status because he was prescribed pain medications that, by law, barred him from operating commercial vehicles. He also contends that R.C. Willey knew he was medically restricted from operating such vehicles. Moreover, it is undisputed O'Brien told his supervisors that he had been drinking at night to help with his pain, and that they administered a breathalyzer test to him in the morning, thereby increasing the likelihood the test results would be positive. If O'Brien is correct that he was ineligible to "perform[] safety-sensitive functions" in his "light duty" position, then it is at best unclear why R.C. Willey administered the breathalyzer test when doing so appears to be inconsistent with federal law. A jury could reasonably conclude that, under the circumstances, testing O'Brien and then firing him for failing the breathalyzer test was a pretext for an ulterior motive.

---

[1] *See also* 49 C.F.R. § 382.107 (defining a "safety-sensitive function" as a period in which a driver "is actually performing, ready to perform, or immediately available to perform any safety-sensitive functions"); 49 C.F.R. § 382.107 ("[s]afety-sensitive functions" include time spent "waiting to be dispatched, unless the driver has been relieved from duty by the employer").

O'Brien's retaliatory discharge claim turns on the same disputed fact. As the majority recognizes, Nevada law prohibits terminating an employee for filing a workers' compensation claim—something O'Brien did fourteen days after he was injured. *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984). "[A] plaintiff must demonstrate that his protected conduct was *the* proximate cause of his discharge." *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998) (emphasis in original).

The majority concludes that "O'Brien's termination was based solely on the results of the breathalyzer tests and his violation of R.C. Willey's alcohol policy," and not on his workers' compensation claim stemming from his injury. But, as with O'Brien's ADA claim, determining *whether* O'Brien's injury and subsequent claim was the proximate cause of his termination runs through an inquiry into O'Brien's availability to drive. Accordingly, I would reverse the district court and deny summary judgment to R.C. Willey on his ADA and retaliatory discharge claims.

## II.    The Nev. Rev. Stat. § 613.333 Claim

Nevada law bars an employer from terminating an employee for the employee's lawful off-duty, off-premises activities. Nev. Rev. Stat. § 613.333(1)(b). Section 613.333(1)(b) provides that an employer may not

4

> [d]ischarge or otherwise discriminate against any employee concerning the employee's compensation, terms, conditions or privileges of employment,
>
> because the employee engages in the lawful use in this state of any product outside the premises of the employer during the employee's nonworking hours, if that use does not adversely affect the employee's ability to perform his or her job or the safety of other employees.

The majority holds that O'Brien defeats summary judgment on his § 613.333 claim because, it finds, "neither party disputes that R.C. Willey discharged O'Brien because he engaged in the lawful use of alcohol outside R.C. Willey's premises during his nonworking hours," and because a genuine dispute remains whether his use of alcohol "adversely affected his ability to perform his job or the safety of other employees." I agree that because it is disputed whether O'Brien was available to drive, it is unclear whether his alcohol consumption impaired anyone's safety.

I do not, however, agree that O'Brien was terminated for his off-duty drinking. In fact, both O'Brien and R.C. Willey are in accord that O'Brien was terminated for violating the company's policy against arriving at work with a blood alcohol level above .04%, *not for his off-duty drinking*. R.C. Willey is emphatic on this point, and O'Brien has acknowledged it, alleging that he was terminated "due to the results of the September 25, 2013 Breathalyzer tests." Pls. Mot. for Partial Summ. J. at 4 (Dist. Ct. Dkt. No. 25). Indeed, the record is bereft of evidence

5

supporting a necessary element of a § 613.333(b)(1) claim: that O'Brien was terminated for "engag[ing] in the lawful use" of alcohol "during [his] nonworking hours." Put another way, O'Brien proffers no evidence showing that R.C. Willey terminated him for drinking off-duty rather than for showing up to work with alcohol in his system. Accordingly, I would affirm the district court's grant of summary judgment to R.C. Willey on the § 613.333 claim.

I respectfully dissent.